**United States Bankruptcy Court**
**Southern District of Florida**
**Miami**

In re

**21 The Serpentine Roslyn NY LLC**  Case No. 18-14407 RAM

Debtor(s)  Chapter **11**

_____/

## PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of 21 The Serpentine Roslyn NY LLC (the "Debtor") from sources of payment, such as redemption rights, investment capital and proceeds of sale.

This Plan provides for 1 class of priority claims, 3 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has not yet been able to value. This Plan also provides for the payment of administrative and priority claims by payment in full.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

Class 1. IRS. Allowed claims entitled to priority under § 507 of the Code priority tax claims under § 507(a)(8).
Class 2. The Secured Claim of Small Business Administration
Class 3. The Secured Claim of CitiMortgage
Class 4. The Secured Claim of JP Morgan Chase Bank NA
Class 5. The General Unsecured Claims allowed under § 502 of the Code
Class 6. Equity Security Holders

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.1     Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.2     Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code [, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3     Priority Tax Claims.  Each holder of a priority tax claim will be paid [specify terms of treatment consistent with § 1129(a)(9)(C) of the Code].

3.4     United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | impaired. | n/a |
| Class 2  Secured Claim CitiMortgage, Inc. | impaired | $700,000 cash or allowed secured claim will be paid at closing of a sale, or 4% 30 year amortization 5 year balloon; unsecured portion paid in class 5 |
| Class 3 Secured Claim JP Morgan Chase Bank NA | impaired | allowed secured claim will be paid at closing of a sale, or 4% 30 year amortization 5 year balloon; unsecured claim paid in class 5 |
| Class 4 Secured Claim Small Business Administration | unimpaired | allowed secured claim will be paid at closing of a sale, or 4% 30 year amortization 5 year balloon; unsecured claim paid in class 5 |

| Class 5 Unsecured | Impaired | Unsecured claims will receive $20,000 prorata |
| --- | --- | --- |
| Class 6- Equity Security Holders of the Debtor | impaired | Equity Holders will retain interests for new value to fund plan |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

(i) Small Business Administration, CitiMortgage Inc., and JP Morgan Chase Bank, NA

(ii) La-Z Boy Incorporated, Broadway Check Cashing Corp.,Internal Revenue Service, Northwind Landscape & Design, Inc. Stanley Furniture Company, Inc.,

5.2 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1 <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date]:

| Name of Other Parties to Lease or Contract n/a | Description of Contract or Lease |
| --- | --- |

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 14 days after the date of the order confirming this Plan. Rejected:

| Name of Other Parties to Lease or Contract n/a | Description of Contract or Lease |
| --- | --- |

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The plan will be implemented by a sale of the subject property, payments on the effective date, as required under §1123(a)(5) of the Code, curing of arrearages, or the plan will be funded by Debtor.

## ARTICLE VIII GENERAL
## PROVISIONS

8.1     Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented  by the following definitions:

8.2     Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is  the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that  date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is  otherwise terminated.

8.3     Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no  way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4     Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding  upon, and will inure to the benefit of the successors or assigns of such entity.

8.5     Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the  meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the  Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents,  and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

8.07    Corporate Governance.  Debtor is a corporation,  provisions required by § 1123(a)(6) of the code include prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends.

## ARTICLE IX
## DISCHARGE
A
A

9.01 Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose  before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A)  of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in§ 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy  Procedure; or (iii) of a kind specified

in § 1141(d)(6)(B).

Respectfully submitted,    **21 The Serpentine Roslyn NY LLC**
/s/: Yonel Devico
[Signature of the Plan Proponent]

 /s/: Joel M. Aresty
 Joel M. Aresty
 P.A. 197483
 [Signature of the Attorney for the Plan Proponent

JOEL M. ARESTY, P.A.
Counsel for Debtor
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 800-559-1870
E-mail: Aresty@Mac.com
By: /sJoel M. Aresty
Fla. Bar No. 197483

7

Case 18-14407-RAM Doc 38 Filed 09/19/18 Page 6 of 6