**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                    Case No. 18-14407-RAM
                                          Chapter 11
21 THE SERPENTINE ROSLYN NY LLC,

                    Debtor.

_____/

**CITIMORTGAGE, INC.'S MOTION TO**
**DISMISS CHAPTER 11 CASE _WITH_ BAR TO REFILING**
**(Re: 21 The Serpentine, Roslyn Estates, NY 11576)**

CitiMortgage, Inc. ("Creditor"), by and through undersigned counsel, files this *Motion to Dismiss Debtor's Chapter 11 Case with a Bar to Refiling* ("Motion to Dismiss"), and in support states as follows:

**I.      INTRODUCTION**

1.      Creditor submits that cause exists to dismiss this case for bad faith. The parties lack privity of contract. Debtor is not a borrower under the Subject Loan. The original Borrowers are not parties to the Bankruptcy Case, but transferred interest to Debtor entity without Creditor's consent. It appears the case was filed for the sole purpose of delaying foreclosure under state law. Any Plan which proposes to modify Creditor's Claim and the liability of the non-fling Borrowers would violate 11 U.S.C. §524(e) and the good faith requirement of §1129 and must, therefore, be denied. As a result, there is no likelihood of a successful reorganization within a reasonable period of time.

2.      Debtor is no closer to reorganizing its debts today than when it filed for bankruptcy protection. Regrettably, Debtor appears to be worse off today than it was at the commencement of his case as the secured claims continue to accrue interest and attorneys' fees. In the meantime, Debtor has failed to maintain its obligations while continuing to retain the

Property rent free. Creditor has maintained taxes and hazard insurance for the Property. The Property (the estate's only asset) contains no equity for the benefit of the estate and does not produce rental income. As a result, there is no likelihood of a successful reorganization within a reasonable period of time. Moreover, Debtor has failed to comply with the requirements of the Bankruptcy Code. The totality of the circumstances evidences that Debtor has no intention of paying the secured claims, but, instead, has sought to improperly use the Bankruptcy Code to delay, hinder and/or defraud creditors. The foregoing factors constitute "cause" to dismiss this case *with prejudice* under §109(g).

## II.    STATEMENT OF FACTS

## A.    LOAN HISTORY

3.    On September 18, 2006, Neil Baser and Sarah Baser (the "Borrowers") executed a promissory note (the "Note") in the principal sum of $755,000.00 to FBM LLC, DBA Fidelity Borrowing Mortgage Bankers ("Lender"). The Note reflects that it was indorsed in blank. (*See* Claim No. 1-1).

4.    The Note is secured by a Mortgage (the "Mortgage") granting a security interest in the property located at 21 The Serpentine, Roslyn Estates, NY 11576 (the "Property"). The Mortgage reflects that it was duly recorded.  (*See* Claim No. 1-1).

5.    The terms of the Mortgage prohibited the Borrowers from transferring interest in the Property without Lender's consent. An unauthorized transfer shall constitute an "event of default" under the Loan. (*See* Mortgage, ¶18).

6.    Subsequently, interest in the Mortgage was assigned to Creditor. (*See* Claim No. 1-1).

B.      **PROCEDURAL HISTORY**

7.      On April 16, 2018, 21 The Serpentine Roslyn Ny LLC ("Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the Southern District of Florida and was assigned case number 18-14407-RAM (the "Bankruptcy Case"). (*See* Docket No. 1). The Borrowers are not parties to the Bankruptcy Case.

8.      On August 28, 2018, Creditor filed its Proof of Claim listing a secured claim of $1,827,795.25, including **pre-petition arrears of $1,172,371.41**. **The Subject Loan is contractually due for the December 1, 2007 Mortgage payment**. (*See* Claim No. 1-1).

9.      On September 19, 2018, Debtor filed its proposed Chapter 11 Plan of Reorganization ("Plan"). (Dkt No. 38). The Plan stated Creditor shall have an impaired claim of $700,000.00 cash or an allowed secured claim will be paid at closing of a sale or the claim will be paid at 4.00% interest with a 30-year amortization paid in full in five years with a balloon payment; unsecured portion to paid in Class 5. (*See* Plan, Page 38, Class 2).

10.      On September 29, 2018, Debtor filed its proposed Chapter 11 Disclosure Statement ("Disclosure Statement"). (Dkt No. 49). The Disclosure Statement indicates:

> Debtor purchased house 3 years ago subject to mortgages with Citi Mortgage and others. House was previously rented but not now. Debtor intends to strip liens and try and settle with creditors. The debtor's gross income for the calendar or fiscal year prior to the filing of this petition: 2016 $58,800; 2017 $34,300; 2018 $0. Trying to rent again, SBA owed $200,000; CitiMortgage $755,000 but filed claim for $1,830,000; and third subordinated mortgage Chase $200,00. Motions to value have been filed and set for preliminary hearing 10/16/18. Debtor believes appraised value is $700,000 and has offered to pay CitiMortgage that amount.

(*See* Disclosure Statement, §II(A)(1)). Further, Debtor alleges the Plan will be implemented by the sale of the Property, the estate's only asset. (*See* Disclosure Statement, §III(D)(1)). With respect to the feasibility of the Plan, the Disclosure Statement indicates "Plan Proponent believes

that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date" and future plan payments will be satisfied by the refinance or sale of the Property." (*See* Disclosure Statement, §IV(E)(1)).

11.    On October 3, 2018, Creditor filed an Objection to Approval of the Disclosure Statement and Confirmation of the Chapter 11 Plan ("Objection") based on: (1) the lack of adequate information; (2) the violation of § 524(e) as the parties lack privity of contract; (3) the lack of good faith; (4) the proposed valuation; (5) the proposed below-market interest rate; (6) the failure to address escrow; (7) the violation of the absolute priority rule; and (8) the lack of feasibility. (*See* Dkt No. 52).

12.    On November 15, 2018, the Court conducted a hearing to consider approval of the Debtor's Disclosure Statement and denied approval. (Dkt No. 65).

13.    To date, Debtor has yet to file an Amended Chapter 11 Plan or Amended Disclosure Statement. Further, a review of the court's docket indicates Debtor is delinquent on monthly operating reports for the months of September 2018 and October 2018.

### III.    ARGUMENT

### A.  DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112

### 1.    Legal Standard.

14.    Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court ***shall*** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). Once "cause" is established, the burden shifts to the party opposing conversion to show that relief is not warranted. *Id.* For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

### 2.    Cause Exists to Dismiss this Case for Bad Faith

15.    Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause to dismiss a case. 11 U.S.C. § 1112(b)(4). The list of matters constituting cause for dismissal is not exclusive and chapter 11 petitions may be dismissed for bad faith. *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999).  Lack of good faith may be shown through the manipulation of the Bankruptcy Code. *See In re Goeb,* 675 F.2d 1386, 1390 (9th Cir.1982));

16.    "Bad faith" is somewhat of misnomer. It is *not necessary* to show ill will or malicious conduct on the part of the debtor or intentional abuse of the bankruptcy laws. All that need to be shown is that the petition or pleading was filed for a purpose other than that sanctioned by the Code. (*See In re McCormick Road Assocs.*, 127 B.R. 410, 415 (Bankr. N.D. Il. 1991); *In re Southern Calif. Sound Systems, Inc.*, 69 B.R. 896, 901, fn. 2 (Bankr. S.D. Cal. 1987).  The court must review the totality of the circumstances to determine the issue of bad faith. *Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986); *In re Albany Partners, Ltd.*, 749 F2d 670, 674 (11th Cir. 1984). All facts and circumstances *leading up to the filing of the bankruptcy case are considered, as well as the debtors' conduct during the case. See In re*

*Charfoos*, 979 F2d 390, 394-395 (6th Cir. 1992); *In re Laguna Assocs. Ltd. P'ship*, 30 F3d 734, 738 (6th Cir. 1994); *In re Robino*, 243 B.R. 472, 487 (Bankr. N.D. Al. 1999).

17.     Transferring ownership to a third party shell corporation, intending the third party to file bankruptcy to prevent Creditor from legally foreclosing on the underlying secured asset, constitutes "bad faith." The 11th Circuit takes a flexible approach in determining "bad faith," analyzing the totality of circumstances. *In re Phx. Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988) (finding "bad faith" where the Debtor has "only one asset," or "the timing of the Debtor's filing evidences an intent to delay" creditor's rights).

18.     A Georgian Bankruptcy Court, analyzing the "totality of events," citing to 9th and 5th circuit law, found that the following six factors evidenced "bad faith:" **(1)** "a new entity was formed for the purpose of filing a case under the bankruptcy law. **(2)** The only assets transferred to Debtor were in eminent and substantial danger of loss by foreclosure. **(3)** The only significant creditors were the creditors seeking foreclosure. **(4)** The filing of the case was not precipitated by nor related to other creditor pressure. **(5)** Debtor had no cash flow of substance or any other means to service the encumbrances on his property. **(6)**  Debtor neither conducted nor engaged in any business activities of significance since its formation except to resist foreclosure and file the bankruptcy case." (*See First Am. Bank v. Coastal Nursing Ctr. (In re Coastal Nursing Ctr.)*, 164 B.R. 788, 796 (Bankr. S.D. Ga. 1993); *Duggan v. Highland-First Ave. Corp.*, 25 B.R. 955, 961 (Bankr. C.D. Cal. 1982); *In re Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir. 1986)).

19.     Here, the Subject Loan has been in default for over 10 years. Further, the Property (the estate's only asset) is located in New York. It appears Debtor entity's sole purpose is to hold title to the Property. Pursuant to the Disclosure Statement, Debtor purchased the Property from the Borrowers subject to Creditor's Mortgage, without Creditor's consent. The Property does not

generate rental income and has been vacant for all of 2018. (*See* Disclosure Statement, §II(A)(1)). At the same time, the *Borrowers,* recently contacted Creditor's counsel for purposes of negotiating a short sale of the Property (a Property they allegedly no longer own).

20.     Considering the above facts and the totality of circumstances, Debtor's petition was filed in "bad faith." **(1)** Debtor is a newly formed corporation, which corporation (named after the secured property) has no other apparent purpose but to hold title to the Property and file for Bankruptcy.   **(2)** The only asset transferred to Debtor (the secured Property) is pending foreclosure in New York.  **(3)** CitiMortgage, the priority mortgage holder, is the most significant creditor in this action, and the same creditor seeking to foreclose in New York. **(4)** Debtor's bankruptcy filing is not related to other creditor pressure. (Creditor was unaware that Debtor existed when it attempted for foreclose on the Borrowers' Property). **(5)** the Debtor corporation has no substantive cash flow to make payments under the Loan (the Property does not produce income). **(6)** Debtor has not conducted any significant business since its formation except the filing of Bankruptcy.

21.     Accordingly, it appears the Borrowers transferred their interest to Debtor shell entity for the sole purpose of hindering or delaying foreclosure. In turn, Debtor entity filed for Bankruptcy and is now seeking protection in the State of Florida, which has no relation to the Property or Borrowers. The Borrowers are not parties to the Bankruptcy filing.  Based on the foregoing Debtor has acted in bad faith and the case should be dismissed *with prejudice*.

**3.    Cause Exists to Dismiss this Case Due to the Absence of a Reasonable Likelihood of Rehabilitation**

22.    Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause including, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

23.    Creditor filed an Objection to Approval of the Disclosure Statement and Confirmation of the Chapter 11 Plan based on: (1) the lack of adequate information; (2) the violation of § 524(e) as the parties lack privity of contract; (3) the lack of good faith; (4) the proposed valuation; (5) the proposed below market interest rate; (6) the failure to address escrow; (7) the violation of the absolute priority rule; and (8) the lack of feasibility. (*See* Dkt No. 52).

24.    On November 15, 2018, the Court conducted a hearing to consider approval of the Debtor's Disclosure Statement and denied approval. (Dkt No. 65). To date, Debtor has yet to file an Amended Chapter 11 Plan or Amended Disclosure Statement.

25.    As discussed above, Creditor opposes any modification of its claim as the parties lack privity of contract. Creditor asserts that any Plan which proposes to modify or cramdown its claim would violate 11 U.S.C. § 524(e) as it would seek to discharge the liability of non-filing parties, the Borrowers.

26.    However, even assuming arguendo that the court concludes the Debtor has the ability to modify Creditor's Claim in a Plan, the proposed reorganization lacks feasibility. The Property itself is unnecessary for the Debtor's effective reorganization as there is no equity for the benefit of the estate (as alleged by the Debtor). Further, the Property is unnecessary for Debtor's reorganization as the Property fails to produce income. The success of Debtor's Plan is

contingent upon rental income being derived from the Property or the sale or refinance of the Property. At the same time, Debtor admits the Property is not currently rented and contains no equity. It is unclear when the Property will be rented, for how much, if the income will be sufficient to pay the expenses (taxes, insurance, mortgage payments), and how the Plan will succeed if Debtor fails to rent the Property. The Disclosure Statement contains little to no financial information to ascertain what expenses are associated with Debtor's business (the Property) and if the Property will generate sufficient cash flow to fund the Plan. In addition, the success of Debtor's Plan is contingent upon the favorable modification of Creditor's Claim in the Plan. For the reasons discussed above, Creditor objects to any modification of its Claim in Debtor's Bankruptcy Case. Moreover, Creditor objects to the speculative nature of the proposed sale and balloon payment as the Property contains no equity.

27.     As a result, there is no likelihood of a successful reorganization within a reasonable period of time. Indeed, the Debtor is no closer to reorganizing its debts today than when it filed for bankruptcy protection. Regrettably, Debtor appears to be worse off today than it was at the commencement of his case as the secured claims continue to accrue interest and attorneys' fees, resulting in a diminution of the estate's value. In the meantime, the Debtor has failed to maintain its obligations, while continuing to retain the Property rent free, while Creditor maintains taxes and hazard insurance for the Property. (*See* Claim No. 1-1). Based on the foregoing, cause exists to dismiss this case based on a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

**4. Cause Exists to Dismiss the Case Based on Debtor's Failure to Satisfy Filing Requirements**

28.     As discussed above, Debtor has failed to file consistent periodic reports as required by Federal Rule of Bankruptcy Procedure 2015(a)(3), 11 U.S.C. § 704(8). Under section 1112(b)(4)(F), a court ***shall*** convert or dismiss a bankruptcy for cause due to a debtor's "unexcused failure to satisfy timely any fling or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F).

29.     Here, a review of the docket indicates that Debtor failed to file operating reports for the months of September 2018 and October 2018. Further, the reports filed to date have been filed late. Debtor's failure to maintain monthly operating reports has been prejudicial to creditors as it is unclear if the Debtor is using estate resources for personal benefit. Moreover, Debtor's failure to comply with reporting requirements violates Debtor's fiduciary duty as a debtor in possession under 11 U.S.C. § 704 and constitutes gross mismanagement of the estate, which is further cause for relief under § 1112(b)(4)(B). Based on the foregoing, this Court must dismiss Debtor's bankruptcy case for cause or, in the alternative, convert the case to one under Chapter 7 of the Bankruptcy Code.

**B.    DISMISSAL UNDER 109(g) IS IN THE BEST INTERESTS OF CREDITORS**

30.     Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors. It must decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and identify whether there are unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. *In re Adamo*, 2016 LEXIS 694, *27 (Bankr. E.D.N.Y. Mar. 4, 2016). When deciding between

dismissal and conversion under section 1112(b), "a bankruptcy court must consider the best interest of the creditors and the estate." *In re Froman*, 566 B.R. 641, 651 (Bankr. S.D.N.Y 2017) (emphasis in original; internal quotes omitted) (citing *Bankr. Doc. 68 at 12:8-10)*. Thus a court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thereby indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf of. *In re Grego*, 2015 WL 3451559, at *8 (9th Cir. BAP May 29, 2015).

31.     As discussed above, Debtor lacks privity of contract with all creditors. As a result, Debtor is not liable for the secured debt. Further, Debtor's Schedules and Plan indicate Debtor's Property contains no equity for the benefit of the estate. In addition, it does not appear Debtor owns any unencumbered nonexempt assets. As stated in *Grego*, the court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thus indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf. *Id*. As there appears to be no assets or equity remaining for the benefit of creditors, conversion of the case to a Chapter 7 will only serve as a further delay. Accordingly, this case should be dismissed.

32.     Finally, Creditor requests dismissal with a bar to refiling. As discussed above, the instant case was filed in bad faith and Creditor **requests dismissal of the case with a 180-day bar to refiling by the Debtor entity and any third party purporting to hold an interest in the Property** pursuant to 11 U.S.C. §109(g)(1). Section 109(g) is not a temporal limit on section 105(a) and 349(a). Thus, a bankruptcy court may enjoin a debtor from filing a bankruptcy case for periods exceeding 180 days if the debtor is a serial filer and files the case in bad faith. *In re Casse*, 198 F.3d 327 (2d Cir. 1999).

33.    In the alternative to dismissal, Creditor requests that this Court convert this case to a Chapter 7 to allow a trustee to determine if any of Debtor's assets contain equity to liquidate for the benefit of the estate. At a minimum, a Chapter 7 trustee would comply with reporting requirements under the Code to ensure that estate assets are properly managed. Accordingly, dismissal of the petition or liquidation by a Chapter 7 Trustee appears to be the only logical step to the orderly administration of Debtor's case.

**WHEREFORE**, Creditor respectfully requests that the court enter an order dismissing the Chapter 11 Case *with prejudice* and a bar to refiling, and for such further relief as the Court may deem just and proper.

Respectfully Submitted:

/s/ *Wanda D. Murray*

Wanda D. Murray, Bar No.: 566381
Attorney for Creditor
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: WMurray@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Dismiss* was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR ATTORNEY**
**(via electronic notice)**

**Joel M. Aresty, Esq.**
309 1st Ave S
Tierra Verde, FL 33715
Email: aresty@mac.com

**DEBTOR**

**21 The Serpentine Roslyn Ny LLC**
1688 Meridian Avenue
Miami Beach, FL 33141

**UNITED STATES TRUSTEE**
**(via electronic notice)**

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

**\*LIST OF CREDITORS ATTACHED\***


Dated: November 27, 2018

                                        /s/ *Wanda D. Murray*
                                        Wanda D. Murray, Bar No.: 566381
                                        Attorney for Creditor
                                        Aldridge Pite, LLP
                                        Fifteen Piedmont Center
                                        3575 Piedmont Road, N.E., Suite 500
                                        Atlanta, GA 30305
                                        Phone: (404) 994-7400
                                        Fax: (888) 873-6147
                                        Email: WMurray@aldridgepite.com